IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

DAVID GARSON, individually and on behalf of all others similarly situated,

        *Plaintiff*,

v.

ANTHEM, INC., an Indiana corporation, BLUE CROSS OF CALIFORNIA, a California corporation,

        *Defendants*.

Case No. 1:15-cv-00180

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff David Garson brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Anthem, Inc. and Blue Cross of California (collectively referred to in the singular as "Anthem") and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit against Anthem for its failure to protect its members' confidential sensitive information—including their protected health information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), Social Security numbers, full names, addresses, dates of birth, and employment information including income data (collectively, "Sensitive Information").

2. Anthem is one of the largest health care insurance companies in the United States.

3. As a health care insurance provider, Anthem is required to protect its members' Sensitive Information by adopting and implementing the specific data security regulations and

1

standards set forth under HIPAA.

4. In addition to its implied statutory obligation, Anthem expressly promises—through its privacy policies and other written understands—to safeguard and protect the confidentiality of its members' Sensitive Information in accordance with HIPAA regulations and industry standards.

5. Unfortunately, it took a massive medical data breach (the largest of its type, in fact) to reveal that Anthem failed to provide its members' with the level of data protection that they were promised and for which they paid.

6. Indeed, in February 2015, Anthem confirmed that its computer network had been breached and that the Sensitive Information of approximately 80 million of its former and current members and employees—including their names, addresses, dates of birth, employment information, and Social Security numbers—were compromised.

7. Worse yet, early reports suggest that Anthem's databases containing the Sensitive Information were *not encrypted.*

8. Anthem has already been made aware that implementing these types of security measures to protect its members' Sensitive Information is critically important as it experienced another data breach in 2010 (albeit on a smaller scale).

9. By maintaining its current and former members' Sensitive Information in electronic databases that lacked crucial security measures and industry standard data protections, Anthem jeopardized millions of its members' Sensitive Information and broke the paid-for promises and contractual obligations that it made to its members through its member agreements and privacy policies.

10. Unfortunately, as a result of Anthem's failure to implement and follow these basic

security procedures, Plaintiff's and the Class's Sensitive Information is now in the hands of unknown third parties.

## PARTIES

11. Plaintiff David Garson is a natural person and citizen of the Commonwealth of Massachusetts.

12. Defendant Anthem, Inc. is a corporation existing under the laws of the State of Indiana with its principal place of business located at 120 Monument Circle, Indianapolis, Indiana 46204. Defendant Anthem, Inc. conducts business throughout this District, the State of Indiana, and the United States.

13. Defendant Blue Cross of California is a corporation existing under the laws of the State of California with its principal place of business located at 120 Monument Circle, Indianapolis, Indiana 46204. Defendant Blue Cross of California conducts business throughout this District, the State of Indiana, and the United States.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because (a) at least one member of the putative Class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

15. This Court has personal jurisdiction over Defendants because Anthem is headquartered in Indiana, regularly conducts business in Indiana, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated, in part, from Indiana.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Anthem resides in this District, and because the unlawful conduct alleged in the Complaint occurred in, was directed to,

and/or emanated, in part, from this District. Venue is additionally proper because Anthem is headquartered in this District.

## COMMON FACTUAL ALLEGATIONS

*Anthem's Privacy Policies Promised to Keep Members' Sensitive Information Confidential.*

17. Through its Privacy Policies (which all members receive), Anthem represented that it would protect its members' Sensitive Information and keep it confidential. For instance, the Privacy Policy appearing on Anthem Blue Cross and Blue Shield's primary website states, in relevant part:[1]

> Your privacy is very important to us and we will make every reasonable effort to safeguard any information we collect.
>
>        \*       \*       \*
>
> Anthem Blue Cross and Blue Shield maintains policies that protect the confidentiality of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions. Anthem Blue Cross and Blue Shield is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).
>
>        \*       \*       \*
>
> Anthem Blue Cross and Blue Shield's Privacy Policy imposes a number of standards to:
>
> - guard the confidentiality of Social Security numbers and other personal information,
> - prohibit the unlawful disclosure of Social Security numbers, and
> - limit access to Social Security numbers.
>
> Anthem Blue Cross and Blue Shield will not use or share Social Security numbers or personal information with anyone outside the company except when permitted or required by federal and state law.
>  Anthem Blue Cross and Blue Shield Associates must only access Social Security

---

[1] Anthem Privacy Policy, https://www.anthem.com/health-insurance/about-us/privacy (last visited February 6, 2015).

numbers or personal information as required by their job duties. Anthem Blue Cross and Blue Shield has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.

Anthem Blue Cross and Blue Shield safeguards Social Security numbers and other personal information by having physical, technical, and administrative safeguards in place.

18. In an additional document (linked directly from its Privacy Policy), Anthem states that it "keep[s] the health and financial information of [its] current and former members private, as required by law, accreditation standards and our rules."[2]

19. Likewise, in an additional document (also linked directly from its Privacy Policy) Anthem states that a consumer has the right to have their "privacy protected by Anthem Blue Cross, [their] doctors and all [their] other health care providers."[3]

20. Anthem's statements about its data security and management practices—both through its privacy policies and other public representations—served to falsely inflate the advertised utility of its services, thus allowing it and/or its affiliates to charge members higher costs for treatment. Specifically, Defendants represented that it would take affirmative and commercially reasonable measures to protect consumers Sensitive Information and actively prevent disclosure and unauthorized access.

***The Data Breach Revealed That Anthem Failed to Properly Protect its Members' Sensitive Information.***

21. In February 2015, Anthem confirmed that its computer network was the target of a "very sophisticated external cyber attack [in which the] attackers gained unauthorized access to

---

[2] Anthem BlueCross, Information that's important to you, https://www.anthem.com/ca/health-insurance/nsecurepdf/english_ca_11832CAMENABC (last visited Feburary 6, 2015).

[3] Anthem BlueCross, Your Health Care Rights and Responsibilities, ttp://www.anthem.com/ca/member/f3/s5/t1/pw_a114732.pdf (last accessed February 6, 2015).

Anthem's IT system and . . . obtained personal information [of its] current and former members such as their names, birthdays, medical IDs/social security numbers, street addresses, email addresses and employment information, including income data."

22. Early reports suggest that these database(s) contained the Sensitive Information of over ***80 million*** of its current and former members (and employees), including Plaintiff's and putative Class members'. Worse yet, these reports suggest that this information was *not even encrypted.*

23. On February 4th, Anthem began notifying authorities and consumers that it would be providing appropriate notification to affected members and regulatory agencies as required by federal and state law.

***Anthem Violated HIPAA and Industry Standard Data Protection Protocols.***

24. HIPAA was enacted and became effective in 1996.

25. Title II of HIPAA contains what are known as the Administrative Simplification provisions. 42 U.S.C. §§ 1301, *et seq*. These provisions require, among other things, that the Department of Health and Human Services create rules to streamline the standards for handling Sensitive Information, like the data collected and stored in unsecure database(s) by Anthem. The Department of Health and Human Services established standards to protect electronic personal health information from unauthorized disclosure. These standards require entities, such as Anthem, to adopt administrative, physical, and technical safeguards to ensure the confidentiality, integrity, and security of Sensitive Information.

26. Anthem's data breach resulted from a variety of failures to follow HIPAA guidelines and industry standards. Among such deficient practices, Anthem's breach shows that it failed to implement, or inadequately implemented, information security policies or procedures

such as those requiring adequate encryption or similar protection of Sensitive Information.

27. Anthem's security failures demonstrate that it failed to honor its express and implied promises by failing to:

    a. Maintain an adequate data security system to prevent data breaches;

    b. Mitigate the risks of a data breach and unauthorized access to Sensitive Information;

    c. Adequately encrypt or otherwise protect Plaintiff's and the Class's Sensitive Information;

    d. Ensure the confidentiality and integrity of electronic protected health information it created, received, maintained, and transmitted in violation of 45 CFR 164.306(a)(1);

    e. Implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights in violation of 45 CFR 164.312(a)(1);

    f. Implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 CFR 164.308(a)(1);

    g. Protect against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information in violation of 45 CFR 164.306(a)(2);

    h. Protect against reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45

CFR 164.306(a)(3);

i. Ensure compliance with the HIPAA security standard rules by its workforce in violation of 45 CFR 164.306(a)(4); and

j. Effectively train all members of its workforce on the policies and procedures with respect to protected health information as necessary and appropriate for the members of its workforce to carry out their functions and to maintain security of protected health information in violation of 45 CFR 164.530(b).

28. Had Anthem implemented proper security protocols to properly encrypt and otherwise protect its members' Sensitive Information, the consequences of the data breach would have been avoided (as it would have been nearly infeasible to extract its members' data). Worse yet, Anthem knew or should have known that a security breach could result from its deficient security and privacy practices, as HIPAA and industry standard protections exist *specifically* to prevent unauthorized access to Sensitive Information.

29. Even though Anthem members both expected and paid for the above-described security measures as part of their insurance premiums (*i.e.*, that HIPAA-mandated and industry standards would have been used to protect their Sensitive Information), they were not implemented, which resulted in the unsecured release of their Sensitive Information and the loss of paid-for data protection services.

*Plaintiff Garson's Experience.*

30. Plaintiff Garson is a current member of Anthem Blue Cross.

31. In order to purchase health insurance coverage from Anthem, Garson was required to provide Anthem with his Sensitive Information in exchange for an agreement with

Anthem to receive health care insurance coverage and to protect his Sensitive Information in accordance with HIPAA and industry standards.

33. As such, Garson paid Anthem for medical insurance coverage and, among other things, the protection of his Sensitive Information.

33. Had Garson known of Anthem's substandard security procedures and methods of protecting and storing his Sensitive Information, he would have paid substantially less for Anthem's health care services or would not have paid at all (*i.e.*, the value of health care services *without* adequate protection of Sensitive Information is worth substantially less than the value of such services *with* adequate protection).

34. Because Anthem did not sufficiently protect his Sensitive Information, Garson did not receive the entirety of the services he paid for and, as a result, he paid more than he otherwise would have for such services.

## CLASS ALLEGATIONS

35. **Class Definition**: Plaintiff Garson brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and 23(b)(3) on behalf of himself and a Class of similarly situated individuals defined as follows:

> All persons in the United States and its territories (i) who paid money to Anthem in exchange for health care insurance, and (ii) whose Sensitive Information was compromised as a result of the data breach confirmed by Anthem in or around February 2015.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims

in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

36. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, the Class is compromised of millions of individuals throughout the country, making joinder of each individual member impracticable. Ultimately, the members of the Class will be easily identified through Defendants' records.

37. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members, and include, but are not limited to:

    a. Whether Defendants took steps and measures to adequately safeguard Plaintiff's and the Class members' Sensitive Information;

    b. Whether Defendants' storing of Plaintiff's and the Class members' Sensitive Information in the manner alleged violated industry standards and/or HIPAA;

    c. Whether implied or express contracts existed between Defendants, on the one hand, and Plaintiff and the members of the Class on the other;

    d. Whether Defendants' conduct described herein constitutes a breach of their contracts with Plaintiff and the Class members; and

    e. Whether Defendants should retain the monies paid by Plaintiff and other Class members to protect their Sensitive Information.

38. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful

conduct during transactions with Plaintiff and the Class.

39. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

40. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

41. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Plaintiff and the Class members' paid money to Anthem in exchange for its promise to provide health care insurance coverage.

44. In addition to providing health care insurance coverage, a material part of Anthem's promise to provide coverage involved protecting Plaintiff's and the Class members' Sensitive Information.

45. In its written agreements as well as its privacy notices, Anthem expressly promised Plaintiff and members of the Class that Anthem only discloses health information when required to do so by federal or state law or with their consent. Anthem further promised that it would protect their Sensitive Information.

46. Anthem promised to comply with all HIPAA standards and to make sure that Plaintiff's and the Class members' Sensitive Information was protected. Anthem further promised to provide notice to Plaintiff and members of the Class describing Anthem's legal duties and privacy practices with respect to their Sensitive Information.

47. The contracts required Anthem to safeguard Plaintiff's and the Class members' Sensitive Information to prevent its disclosure and/or unauthorized access.

48. Plaintiff and the Class members fully performed their obligations under the contracts.

49. Anthem did not adequately safeguard Plaintiff's and the Class members' protected Sensitive Information. Specifically, Anthem did not comply with its promise to comply with HIPAA's guidelines or industry standards when it stored its members' Sensitive Information.

50. The failure to meet these promises and obligations constitutes an express breach of contract. In other words, Anthem breached the contracts with Plaintiff and the members of the Class by failing to implement sufficient security measures to protect Plaintiff's and the Class members' Sensitive Information as described herein.

51. Anthem's failure to fulfill its data security and management promises resulted in Plaintiff and the Class members receiving services that were of less value than they paid for (*i.e.*, health care insurance coverage without adequate data security and management practices).

52. Stated otherwise, because Plaintiff and the Class paid for privacy protections that they did not receive—even though such protections were a material part of their contracts with Anthem—Plaintiff and the Class did not receive the full benefit of their bargain.

53. As a result of Anthem's breach, Plaintiff and the Class suffered damages in the amount of the difference between the price they paid for Anthem's services as promised and the actual diminished value of its health care services.

## SECOND CAUSE OF ACTION
**Breach of Implied Contract**
**(in the alternative to Breach of Express Contract)**
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 42-53.

55. In order to benefit from Anthem's services, Plaintiff and the Class disclosed Sensitive Information to Anthem, including their names, addresses, Social Security numbers,

dates of birth, and extremely sensitive medical information.

56. By providing that Sensitive Information, and upon Anthem's acceptance of such information, Plaintiff and the Class, on the one hand, and Anthem, on the other hand, entered into implied contracts whereby Anthem was obligated to take reasonable steps to secure and safeguard that information.

57. Without such implied contracts, Plaintiff and the Class would not have provided their Sensitive Information to Anthem.

58. As described herein, Anthem did not take reasonable steps to safeguard Plaintiff's and the Class members' Sensitive Information.

59. Because Anthem allowed unauthorized access to Plaintiff's and the Class members' Sensitive Information and failed to take reasonable steps to safeguard their Sensitive Information, Anthem breached its implied contracts with Plaintiff and the Class.

60. The failure to meet these promises and obligations constitutes a breach of contract. In other words, Anthem breached the contracts by failing to implement sufficient security measures to protect Plaintiff's and the Class members' Sensitive Information as described herein.

61. Anthem's failure to fulfill its data security and management promises resulted in Plaintiff and the Class receiving services that were of less value than they paid for (*i.e.*, the provision of health care insurance coverage without adequate data security and management practices).

62. Stated otherwise, because Plaintiff and the Class paid for privacy protections that they did not receive—even though such protections were a material part of their contracts with Anthem—Plaintiff and the Class did not receive the full benefit of their bargain.

63. As a result of Anthem's breach, Plaintiff and the Class suffered damages in the amount of the difference between the price they paid for Anthem's services as promised and the actual diminished value of its health care services.

## THIRD CAUSE OF ACTION
### Restitution/Unjust Enrichment
### (in the alternative to Counts I and II)
### (On Behalf of Plaintiff and the Class)

64. Plaintiff incorporates the foregoing allegations as if fully set forth herein, excluding paragraphs 42-63.

65. If the Court finds Plaintiff's and the Class members' contracts with Anthem for protection of their Sensitive Information invalid, non-existent, or otherwise unenforceable, Plaintiff and the Class may be left without any adequate remedy at law.

66. Plaintiff and members of the Class conferred a monetary benefit on Anthem in the form of fees paid for health care insurance coverage. Anthem appreciated or had knowledge of the benefits conferred upon it by Plaintiff and the Class.

67. The fees for health insurance coverage that Plaintiff and the Class paid to Anthem were supposed to be used by Anthem, in part, to pay for the administrative costs of data management and security.

68. Under principles of equity and good conscience, Anthem should not be permitted to retain the money belonging to Plaintiff and members of the Class, because Anthem failed to implement data management and security measures that Plaintiff and the Class paid for and are otherwise mandated by HIPAA and industry standards.

69. Accordingly, as a result of Anthem's conduct, Plaintiff and the Class suffered damages in the amount of the difference between the price they paid for Anthem's services as promised and the actual diminished value of the health care services received.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Garson, individually and on behalf of the Class, respectfully requests that this Court enter an Order:

    A.     Certifying this case as a class action on behalf of the Class defined above, and appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

    B.     Declaring that Anthem's actions, as described above, constitute (i) Breach of Express Contract, (ii) Breach of Implied Contract (in the alternative to Breach of Express Contract), and (iii) Unjust Enrichment (in the alternative to Breach of Express Contract and Breach of Implied Contract);

    C.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including: (i) an order prohibiting Anthem from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Anthem to protect all data collected through the course of its business in accordance with HIPAA and industry standards;

    D.     Awarding damages to Plaintiff and the Class in an amount to be determined at trial;

    E.     Awarding restitution to Plaintiff and the Class in an amount to be determined at trial;

    F.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

    G.     Awarding Plaintiff and the Class pre and post-judgment interest to the maximum extent allowable by law; and

H. Awarding such other and further legal or equitable relief as equity and justice may require.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**DAVID GARSON**, individually and on behalf of all others similarly situated,

Dated: February 6, 2015 By: /s/ Robert E. Duff
One of Plaintiff's Attorneys

Robert E. Duff, #16392-06
robert@robertdufflaw.com
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICES OF ROBERT E. DUFF
P.O. Box 7251
Fishers, Indiana 46037
Tel: 800.817.0461
Fax: 800.817.0461

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

* Admission *pro hac vice* to be sought.